### PEOPLE v. ALBERT.

(Supreme Court, Appellate Division, Fourth Department. January 12, 1910.)

GAMING (§ 98*)—CRIMINAL PROSECUTION—SUFFICIENCY OF EVIDENCE.

In a trial for violating Pen. Code, § 351, in keeping a room with devices, books, papers, etc., for the purpose of recording and registering bets and wagers, evidence *held* sufficient to sustain a conviction.

[Ed. Note.—For other cases, see Gaming, Dec. Dig. § 98.*]

Appeal from Erie County Court.

Charles Albert was convicted of violating Pen. Code, § 351, in having kept and occupied a room with devices for the purpose of recording and registering bets and wagers, and appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

E. W. McIntyre, for appellant.

Guy B. Moore, for the People.

McLENNAN, P. J. It would seem that there could be no question but that under the evidence the jury had a right to find that the defendant kept a room in the Silver Dollar Café, located on one of the principal streets of the city of Buffalo, where he "played the races," so called. The evidence is ample to establish the people's contention that the defendant had the office or place of business in which he accepted bets or wagers as against certain horses who were supposed to run in certain races. The evidence conclusively shows that such bets or wagers were recorded in the office of the defendant, sparingly, of course, and only in such fashion as would identify the person making the bet. In other words, the evidence tends to show that when a person made a particular bet—on the horse "Demon," for instance—memoranda were made by the defendant, giving the name of the horse and concerning the bet made.

Under these circumstances we think the defendant was guilty of the crime charged in the indictment. We are not unmindful of the fact that the defendant testified that he knew nothing about the bets which were made, that he had no interest in the saloon or adjunct thereto, and that he was absolutely innocent of any wrongdoing in the premises. The jury heard the testimony of the defendant and of the plaintiff's witnesses, and we are constrained to reach the conclusion that there is no such preponderance of evidence against the people's theory as would justify us in reversing the judgment because against the weight of the evidence. We think the case of People ex rel. Lichtenstein v. Langan, 196 N. Y. 260, 89 N. E. 921, does not interfere with the conclusion reached in this case.

It follows that the judgment appealed from should be affirmed.

Judgment affirmed. All concur.